UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERVANDO AVILEZ, and NELSON LITUMA,
on behalf of themselves, individually, and on behalf
of all others similarly situated,

Civil Action No.: 24-cv-5525

                        Plaintiffs,

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

        -against-

BRIDLEWOOD CONSTRUCTION CORP., and
CHARLES FRACAPANE, as an individual,

**JURY TRIAL DEMANDED**

                        Defendants.

Plaintiffs SERVANDO AVILEZ ("Avilez") and NELSON LITUMA ("Lituma"), on behalf of themselves, individually, and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, JOSEPH & NORINSBERG, LLC, as and for their Complaint against BRIDLEWOOD CONSTRUCTION CORP. ("Bridlewood"), and CHARLES FRACAPANE, individually ("Fracapane") (collectively, "Defendants"), allege upon knowledge as to themselves and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs bring this action on behalf of themselves and all others similarly situated to recover damages for the Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et seq*., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL §195(3), as codified in the New York Wage Theft Prevention Act ("WTPA");

and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendant Bridlewood is a construction company that employs construction workers, carpenters, day laborers, and other personnel to work at locations throughout New York and Connecticut, throughout the United States, with a significant presence in New York.

3.      Plaintiffs worked for Defendants as carpenters from as early as April 1996 until as late as September 17, 2022.

4.      Despite regularly working beyond forty hours in a week, Defendants failed and refused to pay Plaintiffs overtime compensation for any hours worked beyond forty each week, resulting in their suffering unpaid overtime compensation in willful violation of the FLSA and NYLL.

5.      Plaintiffs therefore bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

6.      In addition, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday in violation of NYLL §195(3).

7.      Plaintiffs therefore bring their NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of themselves and all other similarly situated workers who worked for Defendants in New York.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

9.      The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

11.     On March 20, 2020, then-New York Governor Andrew M. Cuomo signed Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued through subsequent extensions of that Order via Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, and 202.67, through November 3, 2020. In total, the Executive Orders provided for a toll of two hundred and twenty-eight (228) days.

12.     In addition, on March 20, 2024, the parties agreed, through counsel, to toll the statute of limitations on Plaintiffs' claims from November 10, 2023, through May 31, 2024, for a total of an additional two hundred and three (203) days.

### PARTIES

13.     At all relevant times, Plaintiff Avilez worked for Defendants in New York, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

14.     At all relevant times, Plaintiff Lituma worked for Defendants in New York, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

15.    Defendant Bridlewood was and is a domestic business corporation, organized under the laws of the State of New York with a principal executive office and place of business located at 1 Lake Drive Middle Island, New York 11953.

16.     Defendant Fracapane is the owner, Chief Executive Officer, principal, agent, and supervisor of Defendant Bridlewood, is responsible for overseeing all of the daily operations of Defendant Bridlewood, and has exclusive power and authority over all final personnel and payroll decisions of Defendant Bridlewood.

17.    Defendant Fracapane personally hired Plaintiffs to work at Defendant Bridlewood, and ultimately terminated their employment there.

18.    Defendant Fracapane personally exercised oversight and control, and actively participated in the day-to-day operations of Defendant Bridlewood, provided instructions and directions to Plaintiffs and the enterprise's other employees on how and where to perform their job duties, and frequently supervised the work that Plaintiffs performed for Defendants each day.

19.    Defendant Fracapane personally set and established Plaintiffs' rates of pay, and paid Plaintiffs their wages.

20.    Defendant Fracapane personally has and had the power and authority to directly affect the quality of work conditions and employment of Plaintiffs and all other employees of Defendant Bridlewood.

21.    Furthermore, Defendant Fracapane is and was personally responsible for maintaining all employment records of Defendant Bridlewood, including, without limitation, any and all records relating to Plaintiffs' hours worked and pay.

22.    Accordingly, at all relevant times hereto, Defendant Fracapane was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

23.     At all times relevant, Defendant Bridlewood was and is an enterprise engaged in interstate commerce in that Defendant Bridlewood (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and construction material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects Defendant Bridlewood to the FLSA's overtime requirements as an enterprise.

24.     By way of one example, Defendant Bridlewood regularly required Plaintiffs to handle and perform work using Defendant' construction materials, tools, machinery and equipment, all of which, Defendants purchased and transported through ordinary channels of interstate commerce.

25.     Defendants sometimes required Plaintiff Avilez and similarly situated employees to perform work across state lines, including, without limitation, at a jobsite located in Connecticut, which subjects Defendants to the FLSA's overtime requirements for individuals.

26.     Accordingly, Defendant Bridlewood was and is an employer of Plaintiffs within the meaning of the FLSA, NYLL, and NYCRR.

## BACKGROUND FACTS

### *Plaintiff Avilez*

27.     Defendants employed Plaintiff Avilez from April 1996 until September 17, 2022, as a carpenter and laborer.

28.     Plaintiff Avilez's primary job duties tasked him with performing miscellaneous duties for Defendants, including, without limitation, building structures, repairing fixtures, and other carpentry-related tasks.

29.     Defendants required Plaintiff Avilez to work, and indeed he did regularly work, a schedule of six (6) days per week throughout his employment.

30.     Plaintiff Avilez regularly worked a schedule of shifts beginning at approximately 7:00 a.m., and regularly ending at approximately 5:00 p.m., or later, during four (4) days per week; and beginning at approximately 7:00 a.m., and regularly ending at approximately 3:30 p.m., or later, during two (2) days per week.

31.     Defendants permitted Plaintiff Avilez to take one (1) thirty-minute uninterrupted break during the workday.

32.     Thus, Defendants required Plaintiff Avilez to work approximately fifty-five (55) hours or more hours each week throughout his employment.

33.     Defendants purportedly paid Plaintiff Avilez at the following rates:

- approximately $20 per hour from July 2018 through December 2018;

- approximately $25 per hour from January 2019 through December 2019;

- approximately $30 per hour from January 2020 through September 2020; and

- approximately $35 per hour from October 2020 through September 2022.

34.    Although Plaintiff Avilez regularly worked approximately fifty-five (55) hours per week, Defendants did not pay Plaintiff Avilez at a wage rate of time and a half (1.5) for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and the NYLL.

35.    By way of example only, during the week of May 19, 2021, through May 25, 2021, Plaintiff Avilez worked six days, from approximately 7:00 a.m. to approximately 5:00 p.m., during four (4) days per week, from approximately 7:00 a.m. to approximately 3:30 p.m., during two (2) days per week, for a total of approximately fifty-five (55) hours of work that week.

36.    Yet Defendants only paid Plaintiff Avilez for 40 hours of work for the pay period from May 19, 2021 through May 25, 2021, amounting to total wages of $1,400.00 for that workweek.

37.    As a result, Defendants never paid Plaintiff Avilez overtime compensation, for the hours Plaintiff Avilez worked beyond forty during that week

38.    Further, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA, in an attempt to conceal their unlawful conduct from Plaintiff Avilez and others similarly situated.

39.    Moreover, Defendants willfully failed to keep accurate and contemporaneous payroll records as required by both NYLL and the FLSA, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff Avilez and others similarly situated.

40.    Moreover, on each occasion when Defendants paid Plaintiff Avilez, Defendants provided Plaintiff Avilez with an inaccurate wage statement, in that it failed to include, *inter alia*, his actual hours worked, or an accurate overtime rate of pay.

41.     Plaintiff Avilez suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day because, lacking any real documentation from Defendants that showed his true hours and pay, Plaintiff Avilez was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

42.     If Plaintiff Avilez' paystubs accurately reflected the actual hours he works and has worked, and if he would have been made aware during his employment and at the time of Defendants' changes to his pay, what he was entitled to be paid for all hours, Plaintiff Avilez would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff Avilez is now doing through this action upon independently learning of his rights.

43.     Indeed, because Plaintiff Avilez was not aware that he should have received compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff Avilez waited years before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

### *Plaintiff Lituma*

44.     Defendants employed Plaintiff Lituma as a carpenter and laborer from 2005 until in or around March 2021.

45.     Plaintiff Lituma's primary job duties tasked him with performing miscellaneous duties for Defendants, including, without limitation, building structures, repairing fixtures, and other carpentry-related tasks.

46.    Defendants required Plaintiff Lituma to work, and indeed he did regularly work, a schedule of six (6) days per week throughout his employment.

47.    Plaintiff Lituma regularly worked a schedule of shifts beginning at approximately 7:00 a.m., and regularly ending at approximately 5:00 p.m., or later, during four (4) days per week; and beginning at approximately 7:00 a.m., and regularly ending at approximately 3:30 p.m., or later, during two (2) days per week.

48.    Defendants permitted Plaintiff Lituma to take one (1) thirty-minute uninterrupted break during the workday.

49.    Thus, Defendants required Plaintiff Lituma to work approximately fifty-five (55) hours or more hours each week throughout his employment.

50.    Defendants purportedly paid Plaintiff Lituma at the following rates:

- approximately $28 per hour in 2018 and 2019;

- approximately $29 per hour in 2020; and

- approximately $30 per hour in 2021.

51.    Although Plaintiff Lituma regularly worked approximately fifty-five (55) hours per week, Defendants did not pay Plaintiff Lituma at a wage rate of time and a half (1.5) for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and the NYLL.

52.    By way of example only, during the week of September 18, 2019 through September 24, 2019, Plaintiff Lituma worked six days, from approximately 7:00 a.m. to approximately 5:00 p.m., during four (4) days per week, from approximately 7:00 a.m. to approximately 3:30 p.m., during two (2) days per week, for a total of approximately fifty-five (55) hours of work that week.

53.    Yet Defendants only paid Plaintiff Lituma for 40 hours of work for the pay period from September 18, 2019 through September 24, 2019, amounting to total wages of $1,120.00 for that workweek.

54.    As a result, Defendants never paid Plaintiff Lituma overtime compensation, for the hours Plaintiff Lituma worked beyond forty during that week.

55.    Further, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA, in an attempt to conceal their unlawful conduct from Plaintiff Lituma and others similarly situated.

56.    Moreover, Defendants willfully failed to keep accurate and contemporaneous payroll records as required by both NYLL and the FLSA, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff Lituma and others similarly situated.

57.    Moreover, on each occasion when Defendants paid Plaintiff Lituma, Defendants provided Plaintiff Lituma with an inaccurate wage statement, in that it failed to include, *inter alia*, his actual hours worked, or an accurate overtime rate of pay.

58.    Plaintiff Lituma suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day because, lacking any real documentation from Defendants that showed his true hours and pay, Plaintiff Lituma was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

59.    If Plaintiff Lituma's paystubs accurately reflected the actual hours he works and has worked, and if he would have been made aware during his employment and at the time of Defendants' changes to his pay, what he was entitled to be paid for all hours, Plaintiff Lituma

would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff Lituma is now doing through this action upon independently learning of his rights.

60.     Indeed, because Plaintiff Lituma was not aware that he should have received compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff Lituma waited years before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf, as well as on behalf of those in the following collective:

> Current and former construction workers of Defendants, who during the applicable FLSA limitations period, performed construction work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

62.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly, in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

63.     At all relevant times, Defendants have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

64.     Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

65.     The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

66.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

67.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

68.     Plaintiffs seek certification of the following FRCP 23 class:

> Current and former construction / manual workers who performed any work for Defendants in New York during the statutory period, as extended by any applicable statutory or contractual tolling ("Rule 23 Plaintiffs").

69.     All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

70.     Moreover, Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiffs and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of any proper overtime wages. Specifically, Plaintiffs and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

**Numerosity & Ascertainability**

71.     During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

72.     The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

**Common Questions of Law and/or Fact**

73.     There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(1) and § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (6)

whether the Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (7) whether the Defendants has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

## **Typicality of Claims and/or Defenses**

74.     As described herein, the Defendants employ(ed) Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants as manual workers, carpenters and/or construction workers in New York; Defendants failed to pay them properly for all overtime hours worked; and Defendants did not provide them with accurate wage statements on each pay day as required by applicable law. Plaintiffs and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirement to be paid all overtime compensation due, and to be furnished with accurate wage statements on each payday.

75.     Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiffs and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

76.     Plaintiffs, as described herein, worked the same or similar job duties as manual workers, carpenters and/or construction workers as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs all overtime hours due nor did Defendants furnish Plaintiffs with accurate wage notices upon hire nor wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

77.     Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

78.     Additionally, Plaintiffs' counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiffs' counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

79.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

80.    Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendant treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

81.    Any lawsuit brought by a manual worker, carpenter or construction worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations.  Thus, separate litigation would risk inconsistent results.

82.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

83.    Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

84.    Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF BY PLAINTIFFS AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

85.    Plaintiffs and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b) *et seq.*

87.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

88.    As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

89.    Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

90.    The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiffs of their rights to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiffs nor FLSA Plaintiffs.

91.    Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

92.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

93.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.    N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

95.    Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

96.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

97.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

98.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF BY PLAINTIFFS AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

99.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

100.    Defendants are "employers" within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

101.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

102.    As described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.7, *et seq*.

103.    Specifically, Defendants failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct pay period.

104.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and any FLSA Plaintiffs based in New York that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## DEMAND FOR A JURY TRIAL

105.    Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiffs and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

f.      Designation of Plaintiffs and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

g.      All damages that Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j.      Awarding Plaintiffs with a service award for their role as class and collective action representatives and in recognition for their dedication to the Rule 23 Class and FLSA Plaintiffs and their willingness to come forward as the lead Plaintiffs on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.       Granting Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
         August 7, 2024

                                        Respectfully submitted,

                                        **JOSEPH & NORINSBERG, LLC**

                           By:          _____
                                        JON L. NORINSBERG, ESQ.
                                        MICHAEL R. MINKOFF, ESQ.
                                        AVRAHAM Y. SCHER, ESQ.
                                        110 East 59th Street, Suite 2300
                                        New York, New York 10022
                                        Tel.: (212) 227-5700
                                        Fax: (212) 656-1889
                                        *Attorneys for Plaintiffs and Putative Class and Collective*