# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is voluntarily made and entered into between Servando Avilez, and Nelson Lituma ("Plaintiffs"), and Bridlewood Construction Corp., and Charles Fracapane, individually("Defendants") (Plaintiffs and Defendants are referred to together as the "Parties").

**WHEREAS**, on August 7, 2024, Plaintiffs filed a purported class and collective action in the United States District Court for the Eastern District of New York, captioned *Servando Avilez, et al. v. Bridlewood Construction Corp., et al.*, Case No. 24-cv-5525 ("Action"), alleging Defendants violated (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL §160 *et seq*., and New York Comp. Codes R. & Regs, Tit. 12, §142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL §195(3), as codified in the New York Wage Theft Prevention Act, all of which Defendants have from the outset denied and continue to deny; and

**WHEREAS**, on February 13, 2025, the Parties met before the Honorable Arlene R. Lindsay, United States Magistrate Judge for the United States District Court for the Eastern District of New York and considered that the interests of all concerned are best served by compromise, settlement and that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests as set forth on the record ("Record"); and

**WHEREAS**, Defendants deny that Plaintiffs are owed any amounts, monies, and/or damages of any kind whatsoever, deny that they have committed any wrongdoing or violated any law, and deny that they are liable to Plaintiffs with respect to the claims asserted in the Action; and

**WHEREAS**, to avoid the expense and burden of further litigation, the parties now desire to resolve the claims asserted by Plaintiffs;

**NOW, THEREFORE**, in consideration of the foregoing and the promises contained herein, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **SETTLEMENT**. The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not to be construed as an admission by the Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2. **SETTLEMENT PAYMENT**. In return for good and sufficient consideration set forth herein and as stated on the Record, the Parties agree Defendants shall pay Plaintiffs and their counsel a total gross sum of thirty-two thousand dollars and zero cents ($32,000.00) ("Settlement Payment") as follows:

    a. Upon execution of this Agreement, Defendants shall pay Plaintiffs and their counsel two thousand five hundred dollars, and zero cents ($2,500.00) ("Initial Payment"), as follows:
        i. one (1) check made payable to "Joseph & Norinsberg, LLC," as payment for Plaintiffs' attorneys' fees and costs, in the amount of $925.00;
        ii. one (1) check made payable to Servando Avilez in the amount of $1,050.00; and
        iii. one (1) check made payable to Nelson Lituma in the amount of $525.00.

    b. Within thirty (30) days of the Initial Payment, and continuing each month for twenty-two consecutive months after the Initial Payment, Defendants shall pay Plaintiffs and their counsel one thousand three hundred fifty dollars and zero cents ($1340.91), as follows:

      i. one (1) check made payable to "Joseph & Norinsberg, LLC," as payment for Plaintiffs' attorneys' fees and costs, in the amount of $496.13;

      ii. one (1) check made payable to Servando Avilez in the amount of $563.18; and

      iii. one (1) check made payable to Nelson Lituma in the amount of $281.60.

All settlement payments outlined above shall be reported to taxing authorities on an IRS Form 1099. Plaintiffs' counsel shall hold all settlement payments in escrow in the offices of Joseph & Norinsberg, LLC.

3. **DIVISION OF THE SETTLEMENT PAYMENT**. The Parties acknowledge and agree that Plaintiffs shall apportion each of the payments of the Settlement Payment in the amounts and methods determined by Plaintiffs as set forth above without any input, liability, risks, responsibility or involvement of Defendants, that each of the payments of the Settlement Payment shall be in the amounts set forth in in paragraph 2, subsections (a) through (c) and that it is the sole responsibility of Plaintiffs and their counsel to make payment of any applicable deductions, withholdings, and/or taxes required by law, statute, or otherwise.

4. **CONTINGENT OBLIGATIONS**. Plaintiffs understand, acknowledge, and agree payment by Defendants to Plaintiffs the Settlement Payment as set forth herein is contingent upon Plaintiffs execution of this Agreement without modification and compliance with all provisions set forth herein and acknowledged and agree that they have no entitlement to any additional payment or consideration not specifically set forth in this Agreement. Defendants understand, acknowledge, and agree that failure to make payment of the Settlement Payment as set forth herein entitles Plaintiffs, subject to Notice and Time to Cure set forth herein, entitles them to execute their Remedy for Breach of this Agreement in the form and manner as set forth herein.

5. **RELEASE & WAIVER OF RIGHTS AND CLAIMS**. In return for the consideration described above, and subject to any remedies outlined in paragraph 10 below, Plaintiffs unconditionally release and forever discharge Defendants, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all wage and hour related employment claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, claims, charges, complaints and demands whatsoever, in law, or equity, arising under the Fair Labor Standards Act and New York Labor Law, known or unknown, which against Defendants, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour, or labor laws or regulations, or contract from the beginning of time to the date this Agreement is executed by the Parties, including, but not limited to:

    a. all claims under Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*; Article 6 of the New York Labor Law, NYLL §160 *et seq.*; New York Comp. Codes R. & Regs Title 12 §142-2.2; New York Wage Theft Prevention Act; Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et seq.* ("ERISA"); any amendments to the statutes referred to herein; sales commissions earned or accrued, whether as an employee or independent contractor; any costs, damages, interest, liquidated damages and/or attorneys' fees, disbursements, and interest relating to any such alleged violation; alleged unpaid wages, salaries, or overtime compensation; employee classification; exempt classification; "at-will" classification; and any other federal, state or local law relating to employee wages and hours;

    b. all claims alleging breach of promise, breach of contract or implied contract; promissory estoppel; unjust enrichment; quantum meruit; conversion; or otherwise arising under any

      common law theory or in tort, contract or quasi-contract, whether in law or equity, as relating to the payment of wages during Plaintiffs' employment;

   c. all claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits;

   d. all claims for payment of income and employment taxes.

6. **ACKNOWLEDGEMENT**. Except as set forth herein, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, reimbursements, compensatory time, severance, notice pay, vacation, holiday or personal pay, accrued leave, paid leave, or any other form of kind of payment or compensation from Defendants for any work that they performed or claimed to have performed for Defendants during the relevant period as defined in this Agreement to the date the Parties execute this Agreement.

7. **LEGAL PROCESS**. Plaintiffs acknowledge and agree that neither of the Plaintiffs have filed, commenced, or in any way participated in bringing an action, proceeding, arbitration, or claim of any kind with respect to the matters settled, released and/or waived pursuant to this Agreement, other than the instant Action pending in the Eastern District of New York.

8. **DISMISSAL OF THE ACTION**. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' alleged improper payment of wages to the Plaintiffs during their employment by with Defendants through the date this Agreement executed by the Parties.

9. **STIPULATION OF SETTLEMENT & DISMISSAL WITH PREJUDICE**. After the first of the Settlement Payments is received by Plaintiffs' Counsel, the Parties, through their respective counsel, shall execute a Stipulation of Settlement and Dismissal with Prejudice to be So-Ordered by the Court and that Plaintiffs' Counsel shall file a copy of such with the United States District Court for the Eastern District of New York in this Action.

10. **DEFENDANTS' FAILURE TO MAKE TIMELY PAYMENT**. The Parties agree that, in the event Defendants fail to make timely payment of any Settlement Payment, Plaintiffs shall to provide Defendants with a copy to their below listed counsel with a Notice of Default, which shall set forth the portion of the Settlement Payment that is due and owing ("Default Amount"), the date the Default Amount was due to be paid, and notice that failure to make payment to Plaintiffs in the amount of the Default Amount within thirty (30) days of receipt of said Notice of Default ("Time to Cure"), Plaintiffs may accelerate the entire remaining balance of the Settlement Payment plus nine (9) percent interest of the remaining balance of the Settlement Payment ("Accelerated Amount") and demand full payment within thirty (30) days of the Accelerated Amount. The Parties agree that, in the event Defendants fail to make payment of the Accelerated Payment and the expiration of the Time to Cure, Plaintiffs have the right to attach a lien to any property owned by defendant Charles Fracapane, his successors, heirs, or assigns, including the real property located at Apartment 6H in the building located at 333 East 53rd Street, New York, New York 10022 in the amount of the Accelerated Payment plus interest.

11. **NOTICES**. Any notice by any Party to this Agreement to any other Party to this Agreement shall be in writing and delivered via electronic mail and FedEx Overnight on the same day as follows:

    **To Defendants**:

    Charles Fracapane
    333 East 53rd Street, Apt. 6H
    New York, NY 10022

    With a copy to counsel:

    Brody Law Group, PLLC
    Attn.: Michelle Callner, Esq.
    535 Eighth Avenue, 15th Floor
    New York, New York 10018
    michelle.callner@brodlylg.com

    **To Plaintiffs**:

    Joseph & Norinsberg, LLC
    Attn.: Thomas Chung, Office Manager
    110 East 59th Street, Suite 2300
    New York, NY 10022
    avi@employeejustice.com
    michael@employeejustice.com

    All notices shall be deemed delivered the next business day after service by electronic mail.

12. **CLAIMS NOT INCLUDED**: The Parties agree that this Agreement shall release Defendants to the fullest extent permitted by the law from any and all liability concerning the claims and matters set forth herein and does not prohibit the Parties from pursuing their rights or claims that arise after the date the Parties execute this Agreement to the extent that such right or claim is not included herein; any rights or claims that cannot be waived as a matter of law; and that if any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that this Agreement will nevertheless remain valid and fully enforceable as to the remaining permissibly waivable claims.

13. **NON-DISPARAGEMENT**. The Parties agree not to disparage any other Party, including any agent acting on behalf of any Party in this Action in any way, or to say, publish, or otherwise disseminate anything that would harm the reputation of that individual and/or entity,

14. **NO ADMISSION OF LIABILITY OR WRONGDOING**. Neither this Agreement nor anything contained herein shall be construed as an admission by either Defendant that either Defendant or any of its/their current or former employees, partners, agents, independent contractors, or others acting or purporting to act on its/their behalf have violated any federal, state, or local law or any right or obligation of either Plaintiff. Neither this Agreement nor anything contained herein shall be construed as an admission by either Defendant that either Defendant or any of its/their current or former employees, partners, agents, independent contractors, or others acting or purporting to act on its/their behalf has engaged in any wrongdoing.

15. **ENTIRE AGREEMENT**. This Agreement contains the complete agreement of the Parties relating to the Action and the subject matters set forth herein and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, whether expressed in writing or orally. Plaintiffs affirm that they have not relied on any representations, promises or agreements of any kind in connection with their decisions to sign this Agreement except for those

set forth herein.

16. **GOVERNING LAW.** This Agreement shall be governed and construed in accordance with the laws of the State of New York without regard to its conflict of laws or any federal common law conflict of law principle.

17. **SEVERABILITY.** If any provision of this Agreement or any part(s) thereof, is/are held invalid, illegal, or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, such provision or part shall immediately become null and void and the remaining provisions and/or parts thereof will remain in full force and effect. This Agreement cannot be amended or modified except in writing and signed by the Parties. The captions and headings in this Agreement are solely for convenience and shall not constitute part of this Agreement or affect the construction thereof

**IN WITNESS WHEREOF,** the undersigned Parties hereto knowingly and voluntarily executed this Agreement as of the dates set forth below:

04/16/2025
Date

_Servando Avilez gastelum (Apr 16, 2025 13:58 EDT)_
Servando Avilez

_____
Date

Nelson Lituma

5/1/2025
Date

Charles Fracapane

5/1/2025
Date

Bridlewood Construction Corp.

set forth herein.

16. **GOVERNING LAW**. This Agreement shall be governed and construed in accordance with the laws of the State of New York without regard to its conflict of laws or any federal common law conflict of law principle.

17. **SEVERABILITY**. If any provision of this Agreement or any part(s) thereof, is/are held invalid, illegal, or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, such provision or part shall immediately become null and void and the remaining provisions and/or parts thereof will remain in full force and effect. This Agreement cannot be amended or modified except in writing and signed by the Parties. The captions and headings in this Agreement are solely for convenience and shall not constitute part of this Agreement or affect the construction thereof

**IN WITNESS WHEREOF**, the undersigned Parties hereto knowingly and voluntarily executed this Agreement as of the dates set forth below:

_____     _____
Date                        Servando Avilez

04/16/2025                  Nelson Lituma (Apr 16, 2025 18:40 EDT)
_____     _____
Date                        Nelson Lituma

5/1/2025
_____     _____
Date                        Charles Fracapane

5/1/2025
_____     _____
Date                        Bridlewood Construction Corp.